UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES C. ROWLETT,

        Petitioner,

v.                                             Case No. 04-C-662

THOMAS BORGEN,

        Respondent.

**ORDER**

On July 8, 2004, James C. Rowlett filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon screening the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, the court concluded that the petition included claims as to which Rowlett had not exhausted his state court remedies. On August 16, 2004, the court granted Rowlett's request that the case be stayed, and instructed Rowlett to notify the court when he had exhausted his state court remedies. On February 15, 2008, Rowlett filed a letter with the court indicating that he has now exhausted his state court remedies and wishes to proceed with his petition in federal court.[1]

I will proceed to give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

---

[1] I am unable to determine from Rowlett's recent letter to the court whether he has in fact exhausted his state court remedies. If he has not, or if the petition is defective for other reasons, respondent may raise that issue by filing an appropriate motion to dismiss before undertaking a full response to the petition.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims. Once a state prisoner has exhausted his state court remedies, federal habeas relief may not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Rowlett, who is currently incarcerated at Fox Lake Correctional Institution, alleges that his state court conviction and sentence were imposed in violation of the Constitution. Rowlett was convicted on a guilty plea in Waukesha County Circuit Court of burglary and battery, and was sentenced to ten years imprisonment. He asserts three claims in his petition. First, Rowlett states that at the time he pled guilty to these offenses, he did not understand the charges against him. Second, he claims that his conviction was obtained by virtue of a coerced confession. Third, he claims he was provided ineffective assistance of counsel. I will address each claim in turn.

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently . . . . Where a defendant pleads guilty to a crime without having been informed of the crime's elements this standard is not met and the plea is invalid." *Bradshaw v.*

2

*Stumpf*, 545 U.S. 175, 183 (2005). Therefore, Rowlett's guilty plea would indeed be invalid if he did not understand the charges against him. However, the Wisconsin Court of Appeals determined that Rowlett was adequately informed of the charge against him when the circuit judge explained at his plea hearing, "you did intentionally enter a dwelling without the consent of the person in lawful possession thereof, with the intent to commit a felony while armed with a dangerous weapon." *State of Wisconsin v. James Clifford Rowlett*, 02-2003-CR.

The Wisconsin Court of Appeals concluded that although Wisconsin's standard jury instruction for burglary, WIS JI-CRIMINAL 1424, further explained that a defendant must know his entry was without consent, the circuit court need not have explained the charges in such detail at the plea hearing, where the court's explanation tracked the language of the applicable burglary statute, Wis. Stat. § 943.10(1)(a)-(2)(a). This conclusion is not contrary to clearly established Federal law, as determined by the Supreme Court of the United States, which requires that a defendant receive notice of the "essential nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998). That Rowlett must have known that his entry was without consent is evident from the statutory language recited by the circuit judge, stating that he intentionally entered without consent.

Rowlett now claims that his "only purpose was to talk with" the victim, seemingly a challenge to his understanding that the intent to commit a felony was an element of the burglary charge. However, the circuit court adequately explained this element of the charge as well. Therefore, Rowlett may not proceed with his claim that he did not understand the charges against him.

Rowlett also claims that trial counsel provided ineffective assistance of counsel by leading Rowlett to believe he had no choice but to plead guilty, failing to adequately address Rowlett's

3

questions and concerns regarding his guilty plea, and spending inadequate time communicating with Rowlett in preparation for his plea hearing. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, this claim may proceed.[2]

Finally, Rowlett alleges that his guilty plea was obtained through the use of a coerced confession, which he claims to have given because of a detective's promise of leniency. "[A] plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney." *McMann v. Richardson*, 397 U.S. 759, 772 (1970). Here, Rowlett alleges that his attorney provided ineffective assistance of counsel. Thus, Rowlett has raised at least colorable constitutional issues and he may proceed with this claim as well.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3)

---

[2] Rowlett also mentions that his attorney for purposes of his preliminary hearing recommended waiving his right to a hearing. Rowlett has not alleged that counsel performed deficiently in this regard, or that the recommendation resulted in prejudice. *See Strickland*, 466 U.S. at 687. Thus, to the extent Rowlett asserts an additional claim of ineffective assistance of counsel on this basis, such a claim may not proceed.

4

petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   25th   day of February, 2008.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge